UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGEL NUNEZ GUDINO, | ) | 1:08-CV-01759 GSA HC |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING CLAIMS |
| v. | ) | |
| | ) | |
| KEN CLARK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On November 3, 2008, Petitioner filed the instant petition for writ of habeas corpus. On November 12, 2008, he returned his consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Cognizable Claim

Petitioner raises two claims in his petition: 1) He claims his state and federal right to due process and his liberty interest in parole have been violated; and 2) He claims his plea agreement has been violated.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In his first claim for relief, Petitioner asserts a violation of his state and federal due process rights. For the reasons set forth above, his challenge with respect to a violation of his state due

U.S. District Court
E. D. California        cd                              2

process rights is not cognizable and must be dismissed.

In his second ground, he alleges the plea agreement he entered into in his underlying conviction was violated. For several reasons, this claim is not cognizable and without merit. First, any claim involving the underlying conviction must be made in the district of conviction, which in this case is the Central District of California. As the substance of this petition involves the denial of parole by the parole board, the challenge to the underlying conviction must be made in a separate petition. Second, the challenge is untimely since his conviction became final over twenty years ago. See 28 U.S.C. § 2244(d). Third and finally, there is no merit to the claim. Petitioner states he entered into a negotiated plea agreement on December 10, 1985, in which he pleaded guilty to one count of second degree murder and two counts of assault with a deadly weapon for which he received a sentence of fifteen years *to life*. He admits defense counsel and the court informed him he would have to serve at least seven and a half to ten years of the sentence before he could become *eligible* for parole. As Petitioner impliedly concedes, no guarantee was made that he would actually parole after seven or ten years, only that he would become eligible for parole at that time. Indeed, as noted above the sentence he was given has a maximum term of life, so Petitioner was on notice at the time he entered his plea that he could possibly spend the rest of his life in prison.

**ORDER**

Accordingly, Claim One is DISMISSED in part as noted above, and Claim Two is DISMISSED completely. The action will proceed on Petitioner's claim that the California Board of Parole Hearings violated his federal due process rights when it denied parole at his sixth parole suitability hearing.

IT IS SO ORDERED.

Dated:   **December 4, 2008**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California            cd                            3